**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blue Cross of California Incorporated, et al., | No. CV-17-02286-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Insys Therapeutics Incorporated, | |
| Defendant. | |

Before the Court is Defendant Insys Therapeutics Incorporated's ("Insys") motion to stay. (Doc. 48.) The motion is fully briefed.[1] (Docs. 53, 56.) For reasons stated below, the motion is denied.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The Court must weigh competing interests affected by a grant or denial of a stay, including (1) the possible damage caused by a stay, (2) the hardship to the parties if the suit is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues from a stay.[2] *Id.* at

---

[1] Plaintiffs request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] The Ninth Circuit has recognized that when determining whether a stay should issue in a civil case with a parallel criminal proceeding courts should apply a different factor-analysis. *See Fed. Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Because Insys is not a defendant in a parallel criminal proceeding, the Court will apply the standard three-factor analysis used to determine whether a stay should

1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Insys requests to stay this matter pending resolution of criminal proceedings involving its former officers, directors, and agents.  Insys contends that a stay is needed because otherwise (1) its ability to conduct discovery will be circumscribed by former employees asserting their Fifth Amendment privileges; (2) it will have to manage multiple civil cases and respond to subpoenas in criminal cases all at the same time; and (3) it may be deprived of additional defenses.  (Doc. 48 at 7-8.)  Insys request only seeks a stay pending resolution of the criminal trial at the district court.  (*Id.* at 1.)

The prejudice Insys alleges it will suffer absent a stay likely will not be remedied by a stay lasting only through the district court's criminal trial because privilege issues frequently persist until a conviction and (if pursued) the resolution of an appeal.  *Int'l Bus. Mach. Corp. v. Brown*, 857 F. Supp. 1384, 1392 (C.D. Cal. 1994).  "The prospect that the criminal trial will eliminate the obstacle of obtaining [witnesses'] testimony at the civil trial is likely to be illusory."  *Id.*  Instead, a stay capable of providing Insys with the relief it requests—being able to depose former employees currently under criminal indictment—would need to remain in place until resolution of any appeals, an indeterminate period in the future.  As such, the Court finds Insys showing inadequate to grant such a request.  The Court also finds Insys' alleged prejudice speculative given its failure to demonstrate what information it expects to illicit from its former employees that is not already in its control in the form of internal documents and communications.

Nor does the Court find any undue burden on Insys in dividing its attention between this action and others.  Insys has not been indicted or charged with a crime.

issue.  (Doc. 53 at 4 ("Here, of course, there are no parallel proceedings involving Insys, as it has not been indicted or charged with a crime.").)

(Doc. 53 at 4.) Instead, its only responsibility with respect to the criminal trials of its former officers and directors is to respond to government subpoenas, much of which has already been completed.

In deciding whether to grant a stay, the Court also considers the potential prejudice to Plaintiffs from a delay. *See Lockyer*, 398 F.3d at 1109. Where, as here, the moving party requests a stay for an "indeterminate period" it is more likely to cause Plaintiffs prejudice. *See Int'l Bus. Mach. Corp.*, 857 F.Supp. at 1391. For instance, such a delay could result in loss of witnesses or the veracity of witness testimony, the inability to recover monetary damages due to the depletion of Insys' funds, and the costs associated with storing evidence. The Court also finds that a stay is neither in the orderly course of justice nor in the interest of judicial economy.

After considering the alleged hardships, the potential length of the stay, and concerns of judicial economy and the orderly course of justice, the Court concludes that these factors weigh against granting a stay. The Court therefore will exercise its discretion and deny Insys' motion.

**IT IS ORDERED** that Insys motion to stay this action (Doc. 48) is **DENIED**.

Dated this 8th day of August, 2018.

Douglas L. Rayes
United States District Judge