IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blue Cross of California Incorporated, et al., <br> Plaintiffs, <br> v. <br> Insys Therapeutics Incorporated, <br> Defendant. | No. CV-17-02286-PHX-DLR <br><br> **ORDER** |

    Before the Court is Anthem's motion for discovery sanctions. (Doc. 124.) This motion is fully briefed. (Doc. 135.) On December 12, 2018, the parties filed a joint stipulation on the motion for sanctions, leaving only a single issue: whether Insys adequately prepared its Federal Rule of Civil Procedure 30(b)(6) deponent on "Insys's use of the terms "(!)" or "!" to represent cancer in documents . . . ." (Doc. 158.) On December 12, 2018, the Court held oral argument on the issue.

    Rule 30(b)(6) permits depositions of corporate representatives. Fed. R. Civ. P. 30(b)(6). Under the rule, companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for such depositions, and to prepare them so that they may give complete, knowledgeable, and binding answers on behalf of the corporation. These efforts may include, among other things, having the deponent review prior fact witness deposition testimony as well as documents and deposition exhibits. "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, 'this is merely the result of the concomitant obligation from the privilege of being able to use the corporate

form in order to conduct business.'" *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008) (quoting *Alliance v. District of Columbia*, 437 F. Supp. 2d 32, 37 (D.D.C. 2006)). "[T]he purpose underlying Rule 30(b)(6) would be frustrated if a corporate party produces a witness who is unable . . . or unwilling to provide the necessary factual information on the entity's behalf." *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) (internal quotation and citation omitted).

After reviewing the relevant briefing and considering the arguments presented at oral argument, the Court finds that Insys's Rule 30(b)(6) deponent was not properly prepared. *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 559-60 (D. Mont. 2009) (although "a physical body was present, no person who satisfied the legal requirements of Rule 30(b)(6) was produced"). Knowing that Anthem intended to explore questions about the reason employees were instructed to avoid including the word cancer in written communications and to substitute "!", Insys failed to take obvious steps in preparing the witness. More Specifically, Insys failed to have the witness review the emails transmitted during the relevant time frame to and from employees who worked in the position known to have been instructed to substitute "!" for the word cancer. Therefore, the Court finds monetary sanctions are appropriate under Rule 37(b)(2)(C). *Great Am. Ins. Co. v. Vegas Const. Co, Inc.*, 241 F.R.D. 534, 543 (D. Nev. 2008). Accordingly,

**IT IS ORDERED** that Anthem's motion for discovery sanctions (Doc. 124) is **GRANTED**.

**IT IS FURTHER ORDERED** that Insys pay: (1) costs and attorney's fees incurred by Anthem for the deposition of the corporate witness Insys put forward on its use of the terms "(!)" or "!" to represent cancer in documents; and (2) costs and attorney's fees associated with preparing Anthem's motion for sanctions.

Dated this 14th day of December, 2018.

Douglas L. Rayes
United States District Judge